HENRY DeFORD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10114.  Promulgated July 13, 1927.

Deduction for loss resulting from sale of residence disallowed.

*Herbert P. Mason, Esq.,* for the petitioner.
*J. L. Deveney, Esq.,* for the respondent.

This proceeding involves a deficiency in income tax for the year 1921 in the amount of $639.89.

### FINDINGS OF FACT.

The petitioner is an individual residing in Brookline, Mass. In 1890 he purchased a residence at 3 Fillmore Terrace, later 340 Tappan Street, Brookline, Mass., for $17,500. The house was a detached brick house in a subdivision that was being developed by one Knapp. It had twelve rooms outside of servants' rooms. The house, with other houses of the subdivision, was to be heated from a central heating plant. This proved impracticable, however, and the petitioner had a furnace installed in the house and also an additional bath room. At the time of purchase the petitioner was desirous of

acquiring a house in the country but he thought that with all of the restrictions on the place the property would appreciate in value, and that within a few years he would have an opportunity to turn the property over at some profit. Knapp failed in 1893 or 1894 and never developed the entire subdivision as originally planned. The petitioner made some effort to sell his house prior to 1900 but could not find a purchaser. In 1900 he listed it with a real estate broker. During the winters of 1900 and 1901 the house was vacant and the petitioner with his family was in Porto Rico. The house was again vacant for certain periods in 1904 and 1905. Not being able to find a purchaser for the house the petitioner occupied it as his permanent home for practically the entire period from the date of purchase to 1920, when he permanently left it. He succeeded in selling it in 1921 for $8,300. At the time of purchase the property was encumbered with a mortgage of $15,000. In 1913 the mortgage was $9,000. This was subsequently reduced to $8,000 or $6,500. The fair market value of the property on March 1, 1913, was $12,800.

In his income-tax return for 1921 the petitioner claimed as a deduction from gross income $4,500 as a loss upon the sale of the property. This amount was obtained by deducting from the March 1, 1913, value, $12,800, the amount for which the property was sold in 1921, $8,300. The deduction of this loss was disallowed by the respondent.

### OPINION.

SMITH: The Revenue Act of 1921 permits an individual to deduct from gross income in his income-tax return " losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business." (Section 214(a)(5).)

The petitioner deposed as follows:

Q. Would you say that when you purchased this real estate you did or did not have a view to its subsequent sale for pecuniary profit?

A. I expected to sell it at a pecuniary profit.

Q. Do you say that this was or was not a transaction entered into by you for profit?

A. Well, that was the main object in my buying the place. I expected to live somewhere, of course, meantime. It was not bought solely as a speculation in real estate, but I expected to live there for a couple of years and to look around and to make a profit while I was there.

What the petitioner did in 1890 was to purchase a residence for himself and family. The surrounding and attendant circumstances are not persuasive that the purchase was a transaction entered into for profit.

Reviewed by the Board.

*Judgment will be entered for the respondent.*